UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VALERIE FLORES,

                              Plaintiff,                    1:26-cv-122 (BKS/MJK)

v.

KW CALL CENTER SERVICES
and MICHELLE DIAZ,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Valerie Flores
Albany, NY 12201

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff pro se Valerie Flores brought this action alleging violations of: Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq. ("ADEA"); 18 U.S.C. § 2261(a); and 18 U.S.C. § 1514. (Dkt. No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Mitchell J. Katz for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On February 5, 2026, Magistrate Judge Katz granted Plaintiff's application to proceed IFP, and issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed without prejudice and with leave to amend. (Dkt. No. 5). On April 1, 2026, Plaintiff filed timely objections to the

1

Report-Recommendation. (Dkt. No. 9). For the reasons that follow, the Report-Recommendation is adopted in its entirety.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.    DISCUSSION

### A.    Objection

Plaintiff objects "to the court dismissing the case with prejudice." (Dkt. No. 9, at 1). Plaintiff's objection is unfounded insofar as it challenges the Report-Recommendation, which recommends dismissal *without* prejudice and with leave to amend.[1] (Dkt. No. 5, at 8). As this is Plaintiff's only objection, the Court reviews the remainder of the Report-Recommendation for clear error.

In the Report-Recommendation, Magistrate Judge Katz recommended dismissal as to Defendant KW Call Center Services because the complaint failed to "plead any action or

---

[1] However, for the reasons discussed elsewhere in this Order, the Court finds dismissal with prejudice is required as a matter of law as to several of Plaintiff's claims.

2

inaction that can be attributed to KW Call Center Services." (Dkt. No. 5, at 5). KW Call Center Services is not mentioned in the body of the complaint or in connection with any allegation. Thus, the Court finds no error in the dismissal recommendation. Magistrate Judge Katz also recommended dismissal of the claims against Defendant Michelle Diaz on the grounds that, without more, the allegations that Diaz failed to hire Plaintiff and may have stalked Plaintiff do not state claims for relief, and even if they did, venue is improper because such claims allegedly arose in Nevada and Illinois. (*Id.* at 5–6). The Court finds no error in the recommended dismissal of the claims against Diaz. However, the complaint cites several employment discrimination and other federal statutes that the Report-Recommendation did not discuss. (*See* Dkt. No. 1, at 3 (citing Title VII, ADA, ADEA, 18 U.S.C. § 2261(a), and 18 U.S.C. § 1514)). For the reasons that follow, the Court finds the complaint fails to state a claim for relief under any federal statute.

## B.     Federal Statutes

Construed liberally, the complaint may be read to assert: (1) that Defendants' failure to hire her constituted unlawful discrimination or retaliation, in violation of Title VII, the ADA, and the ADEA; and (2) that Defendants violated 18 U.S.C. § 2261(a) (interstate domestic violence) and 18 U.S.C. § 1514 (authorizing government or court, on its own motion, to seek temporary restraining order in criminal case). (Dkt. No. 1, at 3).

### 1.     Individual Defendant Michelle Diaz

Plaintiffs' Title VII, ADA, and ADEA claims against Diaz in her individual capacity, must be dismissed with prejudice because individuals are not subject to liability under these statutes. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (noting that "the remedial provisions of Title VII . . . do not provide for individual liability"); *Garibaldi v. Anixter, Inc.*,

3

407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").

### 2.      Discrimination

#### a.      Title VII

Under Title VII, it is illegal "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To state a claim for relief under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) h[er] race, color, religion, sex or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).

In this case, the complaint fails to allege that Plaintiff falls within any category protected by Title VII, such as her gender, race, or religion, or any facts that would allow a plausible inference that Defendant KW Call Center Services discriminated against her on that basis. Indeed, as Magistrate Judge Katz noted, Plaintiff alleges no facts regarding Defendant KW Call Center Services. Thus, Plaintiff's Title VII discrimination claims against Defendant KW Call Center Services are dismissed without prejudice.

#### b.      ADA

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A prima facie case of disability discrimination under the ADA requires a plaintiff to show: "(1) the defendant is covered by the ADA; (2) [the] plaintiff

suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) [the] plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) [the] plaintiff suffered an adverse employment action because of [her] disability or perceived disability." *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 486 (S.D.N.Y. 2017) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)).

Here, the complaint fails to allege any facts suggesting that Plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA. Accordingly, the complaint fails to state a plausible claim for relief against KW Call Center Services under the ADA for employment discrimination.

### c.   ADEA

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 (2d Cir. 2021) (quoting 29 U.S.C. § 623(a)). "Under the ADEA . . . a prima facie case of age discrimination consists of four elements: (1) the plaintiff's membership in a protected class; (2) the plaintiff's qualification for a particular position of employment; (3) an adverse employment action by the defendant employer; and (4) some minimal evidence suggesting an inference that the employer acted with discriminatory motivation." *Lebowitz v. New York City Dep't of Educ.*, 407 F. Supp. 3d 158, 170 (E.D.N.Y. 2017) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015)).

The complaint contains no facts regarding Plaintiff's age or qualifications or suggesting that KW Call Center Services acted with discriminatory intent. Accordingly, Plaintiff's ADEA claims against Defendant KW Call Services are dismissed without prejudice.

### 3. Retaliation

"Claims for retaliation [under the ADA] are analyzed under the same burden-shifting framework established for Title VII cases." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002); *see Salas v. N.Y. City Dep't of Investigation*, 298 F. Supp. 3d 676, 685 (S.D.N.Y. 2018) (explaining that the ADA and Title VII contain "nearly identical language, and retaliation claims under the two statutes are analyzed under the same framework") (citing *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 222–23 (2d Cir. 2001)). Retaliation under the ADEA is likewise analyzed under the framework applicable to Title VII claims. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (applying Title VII retaliation standards and burdens to ADEA). Thus, to state a claim or retaliation, "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action— against him, (2) because he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (internal quotation marks omitted).

The complaint alleges that after Plaintiff filed "an EEOC complaint," Diaz "may have stalked" Plaintiff. (Dkt. No. 1, at 5). However, as discussed, there is no individual liability under Title VII, the ADA, or the ADEA, and Plaintiff fails to assert any facts as to KW Call Center Services' alleged conduct. Accordingly, Plaintiff's Title VII, ADA, and ADEA retaliation claims are dismissed.

### 4. Other Statutes

Plaintiff also appears to assert claims under 18 U.S.C. § 2261(a), which is a criminal statute, and 18 U.S.C. § 1514, which allows the government to obtain a restraining order. However, neither of these statutes confer a private right of action on Plaintiff. *See Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism, and has been

for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints."); *McClure v. Menard Corr. Ctr.*, No. 11-cv-984, 2012 WL 3062235, at \*4 (S.D. Ill. July 26, 2012) ("18 U.S.C. § 1514 provides a mechanism for protecting a victim or witness in a Federal criminal case, not a civil rights action."). Accordingly, any claims under 18 U.S.C. § 2261(a) and 18 U.S.C. § 1514, are dismissed with prejudice.

### C.    Leave to Amend

"Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir 2000) (internal quotation marks and citations omitted). A pro se plaintiff should have at least one chance to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, a court may deny even a pro se plaintiff leave to amend when amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, while unlikely, the Court cannot say that, with better pleading, an amended complaint would be futile as to any claim dismissed *without prejudice*. Any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (internal quotation marks and citations omitted). Any exhibits that Plaintiff wishes the Court to consider going forward must be attached to the amended complaint. This means that the previous complaint and other filings will no longer be the

operative documents—everything that is essential must be contained in or attached to the amended complaint.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety, as set forth above; and it is further

**ORDERED** that Plaintiff's Title VII, ADA, and ADEA claims against Defendant Michelle Diaz, and Plaintiff's claims under 18 U.S.C. § 2261(a) and 18 U.S.C. § 1514 are **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** because they fail to state a claim as a matter of law;  and it is further

**ORDERED** that the remainder of the complaint is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Katz for review; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the Clerk is directed to enter

judgment without further order of the Court; and it is further;

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the

Local Rules.

**IT IS SO ORDERED.**

Dated: <u>May 27, 2026</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge